(Pleito No. 232.—Fallado en Diciembre 11 de 1902.)

## Rivera contra Martínez.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—Prueba pericial. Los jueces y los tribunales apreciarán la prueba pericial, según las reglas de la sana crítica, sin estar obligados á sujetarse al dictamen de los peritos.

2.—Declaraciones de testigos. Los jueces y tribunales apreciarán la fuerza probatoria de las declaraciones de los testigos, conforme á las reglas de la sana crítica, teniendo en consideración la razón de ciencia que hubieren dado ó las circunstancias que en ellos concurran.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á once de Diciembre de mil novecientos dos, en el juicio iniciado ante el suprimido Juzgado de 1ª Instancia de Mayagüez y continuado ante la Corte de aquel Distrito, entre partes, de la una Don Juan Pablo Rivera, primero, y su cesionario Don Juan C. Benítez, después, y de la otra la sucesión de Doña Felipa Martínez, compuesta de sus hijos Don Alfredo y Doña Milagros Ayoroa, representada por su tutor Don José Monserrate Deliz, en cobro de pesos; juicio pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por ambas partes, habiendo representado y defendido al demandante ante esta Corte Suprema, los Letrados Don Rafael Palacios Rodríguez y Don Eduardo Acuña Aybar, sucesivamente, y llevado la representación y defensa de la parte demandada el Letrado Don Manuel F. Rossy.—1º Resultando: Que con fecha veinte y seis de Junio de mil ochocientos noventa y uno, produjo demanda ante el suprimido Juzgado de 1ª Instancia de Mayagüez, Don Juan Pablo Rivera, contra la sucesión de Doña Felipa Martínez, compuesta de sus menores hijos Don Alfredo y Doña Milagros, habidos en su primer matrimonio con Don Bernardo Ayoroa, y en representación de dichos menores contra su protutor Don Félix Echevarría y el presidente del

consejo de familia de los mismos Don Juan Ramón Méndez Martínez, alegando como hechos: Que por convención celebrada en la referida Ciudad en el mes de Agosto de mil ochocientos ochenta y nueve, á propuesta de Don Demetrio Arroyo y Raldiris, segundo consorte de la Doña Felipa, había negociado el actor un préstamo de dinero con garantía de un pagaré de la mencionada señora, y como resultado de dicha convención, á cambio de dinero y obligaciones descontables que entregara al Arroyo, recibió del mismo en Septiembre del propio año, un pagaré suscrito por Doña Felipa Martínez, con la autorización expresa de su mencionado esposo, por la suma de cinco mil pesos, que debían ser satisfechos al acreedor Rivera en Septiembre del año siguiente, con la condición de que, caso de demorarse el pago, satisfaría la deudora el interés del dos por ciento mensual del capital hasta el completo solvento del crédito; habiendo fallecido Doña Felipa en Aguadilla, el diez y ocho de Enero del citado año mil ochocientos noventa, dejando como únicos herederos á sus legítimos hijos, dos menores, Don Alfredo y Doña Milagros Ayoroa, que en la fecha de la demanda carecían de tutor, siendo su protutor Don Félix de Echevarría, y presidente del consejo de familia de los mismos Don Juan Ramón Méndez Martínez invocó el demandante como fundamentos de derecho los articulos 243, 661, 932, 1108, 1258 y 1278 del Código Civil, y 56 de la Ley de Enjuiciamiento Civil, y concluyó con la súplica de que fuera condenada la representación de la sucesión demandada al pago de los cinco mil pesos, importe del pagaré, intereses devengados al tipo del dos por ciento mensual hasta la solución de la deuda, y pago de las costas del juicio.—2° Resultando: Que á la demanda se acompañó, como justificante de ella, un pagaré que aparece firmado por Doña Felipa Martínez, en Aguadilla, á veinte y cuatro de Septiembre de mil ochocientos ochenta y nueve y por su esposo Don Demetrio Arroyo, en prueba de autorizar el documento, en el que se obliga Doña Felipa á pagar á Don Juan Pablo Rivera, durante todo el

mes de Septiembre del año siguiente, la suma de cinco mil pesos con el interés mensual del dos por ciento por cualquiera demora que hubiese desde el vencimiento de la obligación. —3º Resultando que emplazados para contestar la demanda Don Juan Ramón Méndez Martínez, presidente del consejo de familia de los menores demandados, y el protutor de éstos Don Félix Echevarría, compareció el primero y propuso artículo de incontestación, alegando la excepción dilatoria de falta de personalidad, cuyo artículo, tramitado en forma, fué declarado sin lugar por sentencia de veinte y siete de Noviembre de mil ochocientos noventa y uno, que confirmó la suprimida Audiencia Territorial por la suya de veinte y cinco de Agosto de mil ochocientos noventa y tres, entendiéndose las costas de ambas instancias en la forma ordinaria. —4º Resultando: Que prevenido en el suprimido Juzgado de 1ª Instancia de Aguadilla el juicio de *ab intestato* de Doña Felipa Martínez á instancia de la representación de los menores hijos de ésta, acordó dicho Juzgado, en veinte y nueve de Enero de mil ochocientos noventa y cinco, la acumulación á dicho juicio del promovido por Don Juan Pablo Rivera contra la sucesión de dicha señora, en cobro de pesos, á cuya acumulación se opuso el Juzgado de Mayagüez, al reclamársele los autos, y llamada la suprimida Audiencia Territorial á resolver el conflicto de competencia, declaró sin lugar aquella acumulación, por auto de veinte y ocho de Agosto del expresado año, sin especial condena de costas.—5º Resultando: Que muerto Don Juan Ramón Méndez Martínez, compareció en el juicio Don José Monserrate Deliz, como tutor de los menores Don Alfredo y Doña Milagros Ayoroa, y al contestar la demanda en cuatro de Mayo de mil ochocientos noventa y seis solicitó se le absolviera de ella, á cuyo fin negó los hechos que le servían de fundamento, y alegó que Doña Felipa Martínez nunca había debido cantidad alguna á Don Juan Pablo Rivera, y por tanto no era cierto que hubiera suscrito el pagaré acompañado á la demanda, por lo cual, con autorización del consejo

de familia de los menores Ayoroa, había denunciado ante el Juzgado competente la suplantación de la firma de Doña Felipa, invocando como fundamentos de derecho los artículos 1,214 y 1,261 del Código Civil.—6.º Resultando: Que habiendo renunciado la parte actora el trámite de réplica en ese estado del juicio, ordenó el Juzgado de Mayagüez, por auto de diez y nueve de Mayo de mil ochocientos noventa y seis, la suspensión del pleito hasta que recayera sentencia firme en la causa criminal que á virtud de denuncia de Don José Monserrate Deliz, instruía el Juzgado de Aguadilla sobre falsedad del pagaré librado á favor de Rivera, según aparecía de un exhorto dirigido por el Juzgado de Aguadilla al de Mayagüez en reclamación de dicho documento; y habiendo quedado firme la sentencia que en la referida causa dictó la Audiencia de lo Criminal de Mayagüez, en dos de Marzo de mil ochocientos noventa y ocho, absolviendo á los procesados Don Demetrio Arroyo y Don Juan Pablo Rivera, por falta de prueba de la perpetración del delito, con las costas de oficio, sin que hubiera lugar á proceder por falsa denuncia, pues el Tribunal Supremo de España en auto de diez y seis de Septiembre de mil ochocientos noventa y nueve, declaró desierto el recurso de casación contra la misma, interpuesto por el acusador privado Don José Monserrate Deliz, instó la prosecución del juicio en veinte y uno de Agosto de mil novecientos Juan C. Benítez, á quien por escritura pública de dos de Agosto citado había sido cedido el crédito materia del presente juicio.—7.º Resultando: De las pruebas practicadas á instancia de Don Juan C. Benítez:—Primero. Que según testimonio de la declaración prestada por Don Demetrio Arroyo con fecha treinta de Junio de mil ochocientos noventa y seis, en el sumario instruído por falsedad del pagaré de cuyo cobro se trata, dicho Arroyo y su esposa Doña Felipa Martínez, convinieron en buscar dinero para sostener la precaria situación en que se encontraban, y al efecto en uno de los frecuentes viajes que el primero hizo á Mayagüez, concertó

con Don Juan Pablo Rivera un préstamo de cinco mil pesos
á favor de Doña Felipa, la que suscribió con el consenti-
miento marital, un pagaré por la suma expresada con el
interés del dos y medio por ciento mensual, habiendo reci-
bido Arroyo los cinco mil pesos, una parte en vales otorgados
á favor del mismo que no excedían de mil pesos, y el resto
en diferentes monedas que entregó á Doña Felipa sin que
persona alguna presenciara lo ocurrido;—Segundo.   Que exa-
minados en el acto del juicio oral los testigos Don Manuel
J. Figueroa, Don Lucas Ramos y Don Juan Pablo Rivera,
el primero manifestó que fué consultado para una operación
sobre negociación de un vale con Don Demetrio Arroyo por
Rivera, y sabía que éste entregó á Arroyo parte de la canti-
dad, pero ignora si Doña Felipa Martínez firmó el documento
á favor de Rivera, como también la forma en que fué reci-
bido el dinero y donde se hizo la operación; el segundo, ó
sea Ramos, dice que en el año de mil ochocientos noventa y
uno era socio gestor de la mercantil " Lucas Ramos y Cª", y
sabe que se le negociaron á Don Demetrio Arroyo unos
vales suscritos por Don Juan Pablo Rivera, sin que haya
visto el documento ó pagaré firmado por Arroyo y su
esposa á favor de Rivera, por más que éste le consultó
cuando hizo la operación, habiéndole contestado que no
le convenía el negocio; y el tercero, ó sea Rivera, de-
clara que en el año mil ochocientos noventa y uno le
propuso Arroyo, en nombre de su esposa, una negocia-
ción que aceptó, facilitando á éste cinco mil pesos en
efectivo y vales, y descontando un piquito, que no puede
precisar cuál fuera, y que le debía Arroyo, quien le entregó
un pagaré firmado por Doña Felipa Martínez, cuya firma
fué tachada de falsa cuando trató de embargar para el cobro
del documento, habiéndole propuesto Don José Monserrate
Deliz por dos veces transacción, ofreciéndole primero dos
mil pesos y después el cincuenta por ciento del valor del
pagaré.—8º  Resultando:   De las pruebas suministradas por
Don José Monserrate Deliz:—Primero.  Que con motivo del

fallo de la causa seguida contra Don Demetrio Arroyo y Don Juan Pablo Rivera por falsedad del pagaré de que se trata en estos autos, uno de los tres jueces que constituían el Tribunal formuló voto particular reservado, en el sentido de que debían ser condenados Arroyo y Rivera, el primero como autor del delito de falsedad en documento privado, á la pena de un año, ocho meses y veinte y un días de presidio correccional, accesorias, multa de veinte y cinco mil pesetas, y pago de la mitad de las costas de la causa, y el segundo, por uso en juicio del expresado documento, á la pena de cuatro meses de arresto mayor, accesorias y pago de la otra mitad de costas de dicha causa.—Segundo.  Que examinados en el acto del juicio oral los testigos Don Federico Estévez, Don Aureo Antonio Sánchez, Don Antonio Toro y Don Carlos Ramón Aponte, todos convienen en que Doña Felipa Martínez no tenía necesidad de contraer deudas, pues los pedidos que hacía eran satisfechos por la casa de "J. Méndez Martínez", de Aguadilla, ó por Don Alfredo del mismo apellido, sin que tengan conocimiento del pagaré de que se trata, añadiendo Estévez que Arroyo no le merecía muy buen concepto, y Sánchez, que á Arroyo se le siguieron varios procedimientos criminales, é imitaba firmas con mucha semejanza.—9° Resultando:  Del cotejo de la firma de Doña Felipa Martínez, obrante en el pagaré de autos, con otras firmas indubitadas de la expresada señora, practicado por los peritos Don Maximino Cuevas, Don Manuel Janer y Don Alejandro Díaz, el primero designado por la parte demandante, el segundo por la parte demandada y el tercero por el Tribunal de Mayagüez, que todos estuvieron conformes en que había diferencias entre la firma dubitada y las indubitadas, y también semejanzas, deduciendo los peritos Cuevas y Díaz que una y otras firmas habían sido trazadas por una misma mano, y afirmando Janer lo contrario.—10° Resultando:  Que el Tribunal de Distrito de Mayagüez, en siete de Junio del año próximo pasado, dictó sentencia por la que, estimando que no podía

prosperar la excepción de falsedad alegada, dado el resultado de la prueba pericial y otras traídas al juicio, condenó á la sucesión de Doña Felipa Martínez al pago dentro de quince días del capital principal reclamado de cinco mil pesos provinciales y los intereses legales desde el vencimiento de la obligación, sin especial condenación de costas. —11º Resultando: Que contra esta sentencia ha interpuesto Don Juan C. Benítez recurso de casación por infracción de ley, autorizado por el número 1 del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—Primero. El artículo 1,108 del Código Civil, en relación con los 1,091, 1,100 y 1,101 del mismo Código, pues habiéndose reconocido la eficacia del documento presentado por el actor sin que se haya satisfecho á su vencimiento por los demandados el importe de la obligación contraída, venían éstos obligados á la indemnización de los daños y perjuicios causados con su morosidad, indemnización que en el caso presente consiste en el pago de los intereses convenidos ó sea en el dos por ciento mensual y nunca en el interés legal que es el que por equidad se manda á pagar en la expresada sentencia; Segundo. La regla 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve, que establece que las costas se impondrán siempre al litigante cuyas pretensiones fuesen totalmente desestimadas, como ha sucedido en el presente juicio, en que la excepción dilatoria de falta de personalidad, el incidente de acumulación y la causa criminal por denuncia de falsedad no pudieron prosperar, como tampoco los recursos interpuestos, siendo por tanto clara y manifiesta la infracción alegada.—12º Resultando: Que también la representación de la parte demandada interpuso contra la misma sentencia recurso de casación por infracción de ley, que ha formalizado ante esta Corte Suprema en los términos siguientes:—"Ahora formalizo mi recurso, fundándolo en los casos 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, en relación este último con el párrafo 79 de la Orden General número

118.—En cuanto al caso 1º alego los siguientes motivos:—1º El artículo 1,407 del Código Civil, porque Doña Felipa Martínez, supuesta deudora, tuvo á sus hijos, condenados por la sentencia recurrida, de su primer matrimonio con Ayoroa, y al morir éste debieron reputarse gananciales todos los bienes de la sociedad conyugal, porque no se ha probado que pertenecieran privativamente á Doña Felipa.—2º Como consecuencia de ello, la mitad de gananciales pertenecía al primer marido Ayoroa–artículo 1,426 del Código–y esta mitad constituía la legítima de sus dos menores hijos–artículo 806 del Código–que hoy resultan condenados á pagar la deuda de su madre Doña Felipa; porque son herederos forzosos los hijos legítimos respecto de su padre–artículo 307, caso 1º del Código.—3º No habiéndose justificado que Ayoroa otorgara testamento, hay necesidad de considerar como legítima toda la mitad de gananciales–artículo 932 del Código–y aunque se aceptara hipotéticamente el otorgamiento del testamento, siempre constituirían la legítima de los dos tercios de la mitad de gananciales que era el haber hereditario de Ayoroa para los hijos de su matrimonio con Doña Felipa –artículo 808 del Código.—4º La legítima han de percibirla los herederos libre de carga ó condición–artículo 813 del Código–y mal podrían percibirla los hijos de Ayoroa si tuviesen que pagar toda la deuda de su madre, que ésta aparece haber contraído sin liquidarse la sociedad de gananciales, al morir su primer marido Ayoroa.—Y 5º Existe la presunción de que al morir Doña Felipa no existían bienes para reputarlos gananciales de su segundo matrimonio con Arroyo, porque según confesión de este mismo la deuda objeto de este pleito se contrajo para atender al sostenimiento del matrimonio, y el acreedor aceptó la garantía de Doña Felipa porque tenía bienes, que seguramente no podrían ser otros que los procedentes del primer matrimonio, cuya mitad pertenecía á los hijos, sobre los cuales tenía dicha señora la patria potestad con la administración y manejo de dichos bienes. Estas presunciones son admisibles porque se derivan de hechos

probados–artículo 1,249 del Código.—En cuanto al caso 7º en relación con el párrafo 79 de la Orden General número 118, alego:—1º Que el actor y sus testigos manifiestan categóricamente: Primero, que Arroyo fué quien concertó la negociación del pagaré con Rivera;—Segundo. Que él llevó á Rivera el pagaré que se supone firmado por Doña Felipa, y á quien nadie vió firmar; y Tercero. Que Arroyo recibió el dinero y de él pagó una deuda suya á Rivera.—2º Que los testigos del demandado dicen que Doña Felipa no necesitaba de dinero porque tenía capital–no explican en qué consistía ese capital y cómo se formó–; que si hubiese necesitado dinero se lo habrían facilitado los Señores Don Alfredo Martínez y Don Ramón Méndez, de la casa "J. R. Martínez", parientes suyos; que ignoraban la deuda del pagaré; y que Arroyo era hombre mal visto porque sabía falsificar firmas, lo cual le acarreó algunos procesos.—3º Que uno de los peritos afirma no ser igual la firma de Doña Felipa puesta en el pagaré, comparada con otras firmas legítimas.—De aquí se deduce el error de hecho y de derecho cometido por el Tribunal al dictar su fallo no apreciando debidamente la prueba testifical en consideración á la razón de ciencia que dieron y á las circunstancias que en ellos concurren–artículo 658 de la Ley de Enjuiciamiento Civil-; dándole un valor excesivo á la prueba pericial, contra la recomendación que hace el artículo 631 de la Ley procesal, muy de tenerse en cuenta en este caso, porque varios testigos declaran no tener necesidad Doña Felipa de contraer esa clase de deudas para vivir pagando un interés tan crecido como el de dos por ciento mensual; ser Arroyo de mala conducta; y haber confesado el propio acreedor que no vió firmar el pagaré á Doña Felipa, puesto que Arroyo se lo llevó desde Aguadilla; y olvidándose también el Tribunal del artículo 1,249 del Código Civil, que admite las presunciones cuando se derivan de hechos probados como los que se dejan señalados."— Visto: Siendo Ponente el Juez Asociado Don James H. McLeary.—1º Considerando: Que según la regla 79 de

la Orden General número 118, serie de mil ochocientos noventa y nueve, el recurso de casación por infracción de ley, además de los casos establecidos por la de Enjuiciamiento Civil, procede también por error en la apreciación de toda clase de pruebas, cuyo concepto por su generalidad tiene que ser extensivo á las pruebas testifical y pericial, sin que por ello puedan estimarse derogados los artículos 1,690 en su número 7 y 1,718 de la Ley de Enjuiciamiento Civil, de los cuales se desprende que aquel error, en el caso de ser de hecho, ha de resultar de documentos ó autos auténticos, que demuestren la equivocación evidente del juzgador, y en el caso de ser de derecho ha de citarse con precisión y claridad la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido.—2.° Considerando: Que examinadas atentamente las diversas pruebas practicadas en el juicio, se ve que la Audiencia de lo Criminal de Mayagüez, compuesta de tres Magistrados, al dictar sentencia en dos de Marzo de mil ochocientos noventa y ocho, en la causa criminal seguida contra Don Demetrio Arroyo Raldiris y Don Juan Pablo Rivera por falsedad de documento privado ó sea del pagaré cuyo pago se está reclamando, absolvió por dos votos á los procesados, por falta de prueba, de la perpetración del delito, con las costas de oficio, no obstante haber acusador privado, que lo era Don José Monserrate Deliz, tutor de los menores hijos de Doña Felipa Martínez, sin que hubiera lugar á declarar falsa la denuncia originaria de dicha causa, habiendo habido un voto particular reservado, que estimó debían ser condenados Don Demetrio Arroyo y Don Juan Pablo Rivera, el primero, como autor del delito de falsedad en documento privado, á la pena de un año, ocho meses y veinte y un días de presidio correccional, accesorias, multa de veinte y cinco mil pesetas y pago de la mitad de las costas de la causa, y el segundo, por uso en juicio del expresado documento á la pena de cuatro meses de arresto mayor, accesorias y pago de la otra mitad de costas, de todo lo cual es lógico deducir como conclusión,

que la absolución de Arroyo y Rivera, al fundarse en la falta de prueba de la perpetración del delito, no excluyó la posibilidad de que fuera falso el documento, como lo demuestra el hecho de no haberse impuesto las costas de la causa al acusador privado, no obstante haber retirado su acusación al Ministerio Fiscal, y lo confirma el pronunciamiento de no haber lugar á proceder por falsa denuncia; se observa, además, que ninguno de los testigos de la parte demandante declara en el sentido de haber visto á Doña Felipa Martínez firmar el pagaré de que se trata y contraer la obligación que contiene, sea cual fuere la responsabilidad que en ese documento y obligación cupiera al Arroyo, contradiciendo de un modo implícito los testigos de la parte demandada la existencia de dicha obligación; al afirmar que dicha señora no tenía necesidad de contraer deudas, pues los pedidos que hacía eran satisfechos por la casa de J. Méndez Martínez ó por Don Alfredo del mismo apellido, con la circunstancia de que uno de esos testigos dice que Arroyo no le merecía muy buen concepto, y otro asegura que imitaba firmas con mucha semejanza; se ve también que sólo Arroyo al declarar en la causa criminal por falsedad del repetido pagaré, sostuvo la autenticidad de la firma de su esposa Doña Felipa; y finalmente resulta que únicamente esa declaración de Arroyo y el cotejo pericial de la firma dubitada de esa señora con otras indubitadas de la misma, sosteniendo dos peritos en vista de ese cotejo, que una y otras firmas habían sido trazadas por la misma mano, y afirmando otro lo contrario, han sido los elementos probatorios que han podido servir de base al Tribunal sentenciador para condenar á la sucesión demandada al pago de la obligación reclamada, con sus intereses desde el vencimiento de la misma, debiendo en su consecuencia discutirse el recurso por error de hecho y de derecho en la apreciación de las pruebas con relación á esos elementos probatorios.—3º Considerando: Que el error de hecho alegado es improcedente por no basarse en documento alguno que demuestre la equivocación evidente del juzgador;

y que por lo que atañe al error de derecho en la apreciación pericial y testifical, con infracción de los artículos 631 y 658 de la Ley de Enjuiciamiento Civil, es indudable que el Tribunal sentenciador ha dado un valor excesivo á la prueba pericial, pues aunque dos peritos sostienen que la firma del pagaré fué trazada por la misma mano que trazó las firmas indubitadas de otros documentos auténticos suscritos por Doña Felipa, no cabe hacer afirmación tan categórica y absoluta, dada la perfección del arte caligráfico puesto al servicio de una mano experta, que permite imitar perfectamente una firma, por lo cual, aunque los peritos hayan podido afirmar la semejanza, y aún la identidad de firmas, nunca han podido llegar á la conclusión de que Doña Felipa Martínez trazó la firma que como suya obra en el pagaré, cuya conclusión sólo era dable establecer al Tribunal sentenciador si otras pruebas del juicio la aconsejaban, lo que no sucede en el caso de autos, en que los demás elementos probatorios, por lo que se deja ya expuesto, más bien contradecían que favorecían dicha conclusión; sin que la declaración prestada por Don Demetrio Arroyo, en la causa criminal por falsedad del pagaré aludido, al sostener la autenticidad de ese documento, tenga valor legal en el sentido de formar con el juicio pericial caligráfico prueba concluyente de tal autenticidad, por ser Arroyo parte interesada, como reo acusado de falsedad en la mencionada causa.—4º Considerando: Por el mérito de las razones expuestas, que el Tribunal de Distrito de Mayagüez al apreciar las pruebas del juicio, ha incurrido en el error de derecho que se le atribuye por la parte demandada en el escrito de interposición del recurso, infringiendo los textos legales citados; y que por lo que toca al mismo recurso, en cuanto se funda en el número 1 del artículo 1,690 de la Ley de Enjuiciamiento Civil, no cabe discutir los diversos motivos del mismo, por tratarse del cumplimiento de una obligación personal, y ser ajenas á esa cuestión las materias que se someten á la discusión del Tribunal.—5º Conside-

rando : Que el recurso interpuesto por Don Juan C. Benítez parte del supuesto de la existencia de la obligación cuyo pago se reclama, y que faltando esa base, como falta, por haber incurrido el Tribunal sentenciador en error de derecho en la apreciación de las pruebas, según se deja expuesto, es de declararse sin lugar dicho recurso.—Fallamos : Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por la sucesión de Doña Felipa Martínez, en cuanto se funda en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, ó sea por error de derecho en la apreciación de las pruebas; y sin lugar el interpuesto por Don Juan C. Benítez, sin especial condenación de costas; y en su consecuencia casamos y anulamos la sentencia recurrida; lo que, con la que á continuación se dicte, se comunique al Tribunal de Distrito de Mayagüez á los fines procedentes.—Así por esta nuestra sentencia, que se publicará oportunamente en la forma debida, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don James H. MacLeary, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á once de Diciembre de mil novecientos dos.—Antonio F. Castro, *Secretario*.